# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CRIM. NO. 18-475 (ADC)** |
| **JULIAN G. RIVERA-BERRIOS** | |

## ORDER

On October 6, 2023, the U.S. Probation Office ("USPO") filed a motion notifying the Court of Defendant's violations of his conditions of supervised release. Docket No. 115. The USPO alleged that Defendant was arrested and criminally charged in state court. The USPO alleged that Defendant violated the following conditions of supervised release: Mandatory Condition No. 1: "You must not commit another federal, state or local crime." and Mandatory Condition No. 2: "You must not unlawfully possess a controlled substance." Id.

The preliminary revocation hearing was held on May 2, 2024. The Government called Puerto Rico Police Bureau ("PRPB") agents Ricardo Serrano Berríos ("Serrano-Berríos") and José Isidro Rivera Zayas ("Rivera-Zayas") and United States Probation Officer Tania Abreu. The Government introduced documentary evidence; Exhibits 1-10. At the conclusion of the evidence, arguments were heard by both sides. The Government submitted a post-hearing memorandum at Docket No. 135 and Defendant responded at Docket No. 142. Having heard the evidence (relevant portions of which are summarized below) and considered the arguments, I find probable cause for violations to Mandatory Condition No. 1 and Mandatory Condition No. 2.

Serrano-Berríos testified that, on October 3, 2023, he responded to a call pertaining to a car accident in Road 167 in Comerio. When he arrived at the site, he observed a red Range Rover ("Range Rover") that had collided against a cement road barrier. There was no one inside but the Range Rover driver's door was half open. Serrano-Berríos saw Defendant, who was standing outside of the Range Rover, next to the door on the driver's side.[1] Defendant had the keys of the Range Rover. He informed

---

[1] The defense argued that the testimony of Serrano-Berríos was inconsistent because he first testified that Defendant was inside the Range Rover and later changed his testimony to say that he was outside next to the door on the driver's side. No such inconsistency occurred. There was, however, an issue of incorrect translation. Having carefully heard the audio of the hearing, the Court notes that Serrano-Berríos testified that Defendant was "junto al vehículo en el area del chofer" ("next to the vehicle in the driver's area") but the interpreter translated that testimony to say that Defendant was "in the vehicle". He later in cross again said that Defendant was standing next to the door on the driver's side of the Range Rover.

1

Serrano-Berríos that he was driving. Serrano-Berríos called the police command center and was informed that the Range Rover was reported stolen. He arrested Defendant and forfeited the vehicle. Both Defendant and the Range Rover were transported to the police station in Comerio. Serrano-Berríos performed an inventory of the Range Rover in the presence of Defendant. He found a cigarette of what appeared to be marijuana, next to the driver's seat. He then proceeded to take Defendant and the cigarette for testing at the drugs division in Aibonito. A field test performed on the cigarette yielded positive to marijuana. Government Exhibit 1.

Rivera-Zayas works in the stolen vehicle's unit of the PRPB in Aibonito. He took over the investigation on October 4, 2023. Rivera-Zayas has significant experience in investigating stolen vehicles and identifying false vehicle tags and license plates. Rivera-Zayas inspected the Range Rover on October 4, 2023. Through the vin number of the Range Rover, Rivera-Zayas corroborated that the Range Rover had a theft lien. Government Exhibit 2. He examined the license plate on the Range Rover and scanned its bar code. He concluded that the license plate was fake. He examined the physical characteristics of the tag on the Range Rover and concluded that it was fake. Rivera-Zayas occupied the license plate and tag of the Range Rover. Government Exhibits 4 and 6. He took both items to the Department of Transportation and Public Works ("DTOP") and requested a certification as to their authenticity. He received a certification from the DTOP that both the license plate and tag were false. Government Exhibits 3 and 5.

Defendant was charged with violation of Article 15 of Puerto Rico Law 8, 9 P.R. Laws Ann. § 3214 (possession of a stolen vehicle). Article 15 of Puerto Rico Law 8 states that "[a]ny person who owns, buys, receives, stores, hides, transports, retains or disposes through sale, exchange or otherwise a motor vehicle or parts of a motor vehicle, knowing that it was obtained through illegal appropriation, theft, extortion or any other illegal means shall incur in a third-degree felony." 9 L.P.R.A. § 3214. There are two essential elements of that offense: (1) possession, and (2) knowledge. The Government established that Defendant had possession of the Range Rover. He was found at the accident site, next to the Range Rover, had the keys, and admitted that he was driving when the car crashed. Although the Government did not present evidence that Defendant had knowledge that the Range Rover was stolen, the statutory inferences cited by the Government in its brief are dispositive at least at this stage of the proceedings. See 9 L.P.R.A. § 3215 ("It may be inferred that the accused had personal knowledge that the vehicle or part was acquired illegally whenever one (1) or more of the following circumstances occur: […] (6) When the vehicle or part evidences modifications, alterations, or the identification numbers appear to be altered, or the license or license plates do not correspond to the unit. […] (9) When, at the time of the arrest, the vehicle was being used in the commission of a criminal act.). Through the testimony of Rivera-Zayas, the Government established that the license plate and tag of the Range Rover were fake[2] and, through the testimony of Serrano-Berríos, the Government established that Defendant was in possession of marijuana while driving the Range Rover.

Defendant was also charged under Article 404(a) of Puerto Rico Law 4, 24 P.R. Laws Ann. § 2404(a) (possession of a controlled substance—marijuana). Article 404(a) of Puerto Rico Law 4 makes it unlawful for any person, knowingly or intentionally, to possess any controlled substance.

---

[2] As drafted, the statutory presumption at Section 3215(6) does not require that Defendant have knowledge that the license plate or car tag are fake. It is enough that the vehicle shows "modifications, alterations, or the identification numbers appear to be altered, or the license or license plates do not correspond to the unit".

The Government established that there was a cigarette of marijuana in the driver's side of the Range Rover driven by Defendant and there was no one else in the vehicle. The cigarette tested positive to marijuana.

Defendant was also charged with two violations of Article 215 of the Puerto Rico Penal Code, 33 P.R. Laws Ann. § 5285 (possession of a false license plate and possession of a false car tag). Article 215 of the Puerto Rico Criminal Code penalizes any person who possesses a forged license, certificate, diploma, file, record or other similar document that should be issued by the Government of Puerto Rico, with knowledge that it is false. Per the text of the statute, these offenses require that the defendant have knowledge that the forged documents are fake. The Government did not present evidence of Defendant's knowledge of the falsity of the license plate and the car tag. The fact that these may have been obviously fake to the trained and experienced eye of Rivera-Zayas cannot lead the Court to conclude that Defendant had actual knowledge that these were fake.

Per the above, I find that there is sufficient evidence to establish probable cause on two of the charged offenses (possession of a stolen vehicle and possession of a controlled substance) but not on the offenses under 33 P.R. Laws Ann. § 5285. I find probable cause for the violation of the conditions of release asserted in the motion: Mandatory Condition No. 1 and Mandatory Condition No. 2. The case is referred to the presiding District Judge for final revocation proceedings.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 13th of May 2024.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge